## Burton's Estate.

*John C. Bell, Jr.*, for exceptions; *William N. Trinkle*, contra.

THOMPSON, J., Oct. 25, 1929.—The question raised by the exceptions is: Are the proceeds of the sale of rights to subscribe to stock of the First National Bank principal or income, or part principal and part income? The Auditing Judge held them to be income, as the intact value of the stock will be unimpaired, relying on Jones *v.* Integrity Trust Co., 292 Pa. 149, in which the Supreme Court said: "We stated in Nirdlinger's Estate, 290 Pa. 457, 466, that there was some conflict in the authorities with respect to the proper disposition of such rights. We now definitely decide that, where a corporation gives to the trustees of an estate the right to subscribe for new stock, and they avail themselves of such offer, the benefit resulting therefrom must be apportioned in the same manner as an extraordinary stock dividend would be; that is, there should be allotted to the *corpus* of the trust sufficient thereof to maintain unimpaired the intact value of the stock held by it, and the life-tenant should receive the balance, because it represents corporate earnings which accumulated after he became entitled to all dividends at any time thereafter payable out of such accumulations."

It is argued that the above rule is *obiter dicta*, and, therefore, should not be followed by us. Whether *obiter dicta* or not, we feel it incumbent upon us to follow the rules of construction laid down by our Supreme Court.

The exceptions are dismissed and the adjudication confirmed absolutely.